**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Lynn Sheridan, | No. CV-12-00277-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn Colvin, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed an application for disability insurance benefits on February 21, 2008. The claims were denied initially and upon reconsideration. Following a hearing on January 4, 2011, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying benefits. The Appeals Council denied plaintiff's request for review on December 14, 2011, rendering the ALJ's decision final. Thereafter, plaintiff filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g). We have before us plaintiff's opening brief (doc. 14), defendant's answering brief (doc. 19), plaintiff's reply brief (doc. 20), and the administrative record (doc. 10).

**I**

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as

1  a whole, a reasonable person might accept as adequate to support a conclusion. Where the
2  evidence is susceptible to more than one rational interpretation, one of which supports the
3  ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

4  The ALJ followed the Social Security Act's five-step procedure to determine whether
5  plaintiff is disabled. See 20 C.F.R. § 416.920(a)(4). First, the ALJ determined that plaintiff
6  meets the status requirements of the Social Security Act and has not engaged in substantial
7  gainful activity since the date of alleged onset. Tr. 13. At step two, the ALJ found that
8  plaintiff suffered "severe" impairments including fibromyalgia, fatigue, myalgias, dizziness,
9  joint pain, chronic migraine headaches, type II diabetes, syncope, and situational depression
10 and anxiety. Id. At step three, the ALJ found plaintiff's impairments do not meet the criteria
11 listed in the regulations. Tr. 23. Next, the ALJ determined that plaintiff has the residual
12 functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b).
13 Tr. 25. At step four, the ALJ concluded that plaintiff's RFC prevents her from performing
14 her past relevant work. Tr. 35. At step five, however, the ALJ concluded that plaintiff is not
15 disabled because her RFC does not preclude her from performing other work existing in
16 significant numbers in the national economy. Tr. 35-36.

17 Plaintiff challenges the ALJ's decision arguing that the ALJ erred by rejecting her
18 symptom testimony, failed to properly weigh medical source opinion evidence, and
19 formulated a defective RFC. Plaintiff urges that we remand for an award of disability
20 benefits.

21 **II**

22 Plaintiff argues that the ALJ failed to properly evaluate the credibility of her symptom
23 testimony. Absent affirmative evidence of malingering, an ALJ must give clear and
24 convincing reasons in order to reject the plaintiff's symptom testimony. Molina v. Astrue,
25 674 F.3d 1104, 1112-1113 (9th Cir. 2012) (citations omitted). However, the ALJ is not
26 "required to believe every allegation of disabling pain." Id. When weighing a plaintiff's
27 credibility, "the ALJ may consider his reputation for truthfulness, inconsistencies either in
28 his testimony or between his testimony and his conduct, his daily activities, his work record,

and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted).  In addition, the ALJ may consider the dosage and effectiveness of any treatment or pain medication for relief of pain. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991).  "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas, 278 F.3d at 959.

First, in accordance with the regulations, the ALJ noted that plaintiff's allegations of functional limitations based on non-severe impairments would be less than entirely credible. Tr. 28.   Specifically, the ALJ found that the alleged herniated disc, seizure disorder, visual impairment, degenerative changes in the neck, abnormalities in the brain stem and peripheral neurophathy were non-severe impairments because there was a lack of adequate medical evidence to support the existence of those impairments. Id.  Plaintiff argues that the ALJ's finding is inconsistent with the ALJ's analysis of severe symptoms at step two of the disability determination procedure.   We disagree.  The severe medical impairments the ALJ identified at step two, include fibromyalgia, fatigue, myalgias, dizziness, joint pain, chronic migraine headaches, type II diabetes, syncope, and situational depression and anxiety. Tr. 13. Comparing the ALJ's finding of severe symptoms to the finding of non-severe symptoms reveals no inconsistency.

The ALJ also found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely credible to the extent alleged. Tr. 28. Contrary to plaintiff's allegations, we find the ALJ gave clear and convincing reasons based on substantial evidence in the record to support the credibility determination.  The ALJ appropriately noted that plaintiff's inconsistent reports regarding whether physical therapy helped manage her headaches do not support plaintiff's allegations of chronic and extreme pain. Tr. 29.  The ALJ also noted that plaintiff reported different levels of pain relief to different providers without offering any explanation to clarify the inconsistency. Tr. 30. Plaintiff argues that the differences in the reports regarding pain relief reflected the waxing

- 3 -

and waning of the treatment benefits. Although plaintiff's reports on pain relief may lend themselves to an interpretation more favorable to the plaintiff, we must uphold the ALJ's rational interpretation. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Where . . . the ALJ has made specific findings justifying a decision to disbelieve an allegation and those findings are supported by substantial evidence in the record, our role is not to second guess that decision.").

Moreover, the ALJ found that statements plaintiff made before her alleged disability onset date, indicating that she was able to sustain work activity while her back pain persisted and worsened, undermine her allegation that the back pain prevents her from working as of the date she claimed disability benefits. Plaintiff argues that the ALJ's rationale fails because the ALJ also found that medically determinable impairments preclude plaintiff from performing past work as of the alleged onset of the disability. However, the ALJ's finding that plaintiff was unable to perform past work was based on plaintiff's mental impairments, not her back pain. Thus, the ALJ's conclusion in connection with plaintiff's statements about her previous work record reasonably supports the credibility determination.

The ALJ also reasonably found that plaintiff's failure to continue her relationship with her pain management source or alternatively to obtain another referral adversely affected her credibility regarding the level of pain. See e.g. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (affirming ALJ's decision because "it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'") (citation omitted).

The ALJ correctly relied in part on plaintiff's activities of daily living ("ADLs") and made specific findings to support his conclusion. See 20 C.F.R. § 404.1520a(c)(3)(4) and § 416.920a(c)(3)(4) (mandating that consideration be given to ADLs); see also Bunnell v. Sullivan, 947 F.2d 341, 346–48 (9th Cir.1991) (en banc). The ALJ found that plaintiff's ability to perform household chores, care for her children and pets, pay bills, shop on the computer, entertain visitors several times each week, and go to the track to watch her son

race, was inconsistent with her allegation of extreme limitations due to pain and other symptoms. Tr. 30. These specific findings support the ALJ's decision to discount plaintiff's subjective complaints.

In addition to citing the aforementioned reasons undermining plaintiff's subjective complaints, the ALJ thoroughly described the objective medical evidence supporting his credibility determination. Tr. 13-23. We reject plaintiff's argument that the ALJ's reliance on objective evidence is improper. Although a lack of objective medical evidence cannot form the sole basis for discounting symptom testimony, it is a factor that the ALJ may consider in his credibility analysis. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Finally, the ALJ also concludes that plaintiff lacks credibility because her complaints to Dr. Mitchell that she was "in great pain" have not been reconciled with his opinion that plaintiff's family conflict and stress were or appeared to be "somatotized." Tr. 30. Somatization disorder is "a mental disorder characterized by presentation of a complicated medical history and of physical symptoms referring to a variety of organ systems, but without a detectable or known organic basis." Chaudhry v. Astrue, 688 F.3d 661, 665 (9th Cir. 2012). It appears that plaintiff's lengthy medical history, consisting of a wide variety of symptoms, is consistent with Dr. Mitchell's diagnoses of somatization disorder. The ALJ did not explain why it is inconsistent, or specifically how Dr. Mitchell's opinion regarding somatization conflicts with the patient's reports of extreme pain. Nevertheless, because the ALJ cites to numerous other reasons to support his credibility determination, we find this was harmless error.

The inconsistencies in plaintiff's testimony, evidence she was able to sustain work while her pain persisted, evidence that her daily activities were inconsistent with her pain allegations, and the lack of objective medical evidence supporting the severity of her symptoms–all of which are well documented in the ALJ's decision–together constitute clear and convincing reasons in support of the ALJ's negative credibility determination.

**III**

Plaintiff argues that the ALJ should have given the opinions of plaintiff's treating physicians, Drs. Schlichting, Dominic, Hoag, Mitchell, and Fairfax, controlling weight because they are consistent with the evidence in the record. Plaintiff also argues that the ALJ failed to explain why Dr. General's opinions did not lead to a finding that plaintiff is disabled. Finally, plaintiff argues that the ALJ erred by rejecting the opinions of nurse practitioner Sharon Toth ("Ms. Toth") and physical therapist John Davis (Mr. Davis).

A treating physician's opinion should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). However, where substantial evidence in the record contradicts the opinion of the treating physician, the ALJ must consider the following factors in determining how much weight to accord that opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which the treating physician provides supporting explanations for the opinion; (4) the consistency of the opinion with the record as a whole; (5) the area of specialty of the treating physician; (6) the treating physician's familiarity with other information in the case record. Id. § 404.1527(c)(2)-(6); Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the ALJ found that the opinions of Drs. Schlichting, Dominic, and Hoag should not be given controlling weight because they were not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," as required by the regulations. 20 C.F.R. § 404.1527(c)(2). Dr. Schlichting found that plaintiff had headaches, tremors,

- 6 -

bilateral median neuropathy, as well as hip and chest pain which restricted her to less than a full range of sedentary work. Tr. 33. Dr. Dominic's evaluation also restricted plaintiff to less than sedentary work due to chronic neck and back pain, as well as tremors. Tr. 34. Dr. Hoag diagnosed plaintiff with diabetes, migranes, cervical and lumbosacral radiculopathy, bilateral medial neuropathy, chronic neck and back pain, and tremors. Tr. 35. In connection with each of the doctor's assessments, the ALJ noted that the record does not contain any evidence of abnormal test results or evaluations confirming neuropathy, abnormal cardiac functioning, or the plaintiff's alleged hip, neck or back pain. Id. Because the ALJ found the clinical evidence inconsistent with Drs. Schlichting  Dominic, and Hoag's assessments, the ALJ was not required to give their opinions controlling weight. Moreover, the ALJ did not err by giving minimal weight to Drs. Schlichting  Dominic, and Hoag's opinions because he found that they were based on plaintiff's subjective complaints of pain, which, as discussed above, were properly discounted as less than credible. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). ("An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible.").

The ALJ properly accorded minimal weight to Dr. Mitchell's opinion that plaintiff was completely disabled. See 20 C.F.R. § 404.1527(d)(1)-(3) (treating source opinions on whether a plaintiff is disabled are reserved to the Commissioner and are not entitled to any special significance); see also McLeod v. Astrue, 640 F.3d 881, 884 (9th Cir. 2011) (A treating physician's opinion is "not binding on an ALJ with respect to the existence of an impairment or the ultimate issue of disability.") (citation and internal quotation marks omitted). Moreover, the ALJ found that Dr. Mitchell's assessment of plaintiff's impairments was extreme and inconsistent with his clinical notes, which did not offer proof of how the plaintiff's situational complaints resulted in an inability to sustain simple work responsibilities. Tr. 34. This was a valid reason for giving less weight to Dr. Mitchell's opinion. See Tommasetti, 533 F.3d at 104. (incongruity between treating doctor's

questionnaire responses and her medical records provided a specific and legitimate reason for rejecting the doctor's opinion of claimant's limitations); see also Magallanes v. Bowen 881 F.2d 747, 751 (9th Cir. 1989) (finding the ALJ need not accept a treating physician's opinion which is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.").

The ALJ gave Dr. Fairfax's opinion less weight based on the nature of the treatment relationship and the physician's professional qualifications, which are factors an ALJ may consider when determining how much weight to give an opinion. Because in her opening brief plaintiff failed to specifically and distinctly argue that the ALJ erred in finding that Dr. Fairfax did not review plaintiff's records or examine her, we conclude plaintiff has waived that argument. See Melton v. Commissioner of Social Sec. Admin., 442 Fed. Appx. 339, 340, 2011 WL 2727869, *1 (9th Cir. 2011) (finding plaintiff waived the argument that the ALJ improperly rejected a treating physician's opinion because she did not argue it "specifically and distinctly" in her opening brief).

Plaintiff's assertion that the ALJ failed to explain why accepting Dr. General's opinion did not lead to a finding that plaintiff is disabled, erroneously assumes that his opinion conclusively establishes plaintiff's inability to work. To the contrary, Dr. General's opinion, indicates that if plaintiff's migraines could be ameliorated, she could return to work in many capacities within a few months. Tr. 365. It also indicates that plaintiff's ability to perform work-related tasks was good. Id. Accordingly, Dr. General's opinion does not necessarily lead to a disability finding. Moreover, when evidence can rationally be interpreted in more than one way, the court must uphold the commissioner's decision. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).

We also reject plaintiff's contention that the ALJ erred by failing to weigh Ms. Toth's opinion based on statutory factors. As a nurse practitioner, Ms. Toth is not considered an "acceptable medical source" under the regulations. See 20 C.F.R. §§ 404.1513(a)(1) and (3); see also Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996). The ALJ may discount

- 8 -

1 testimony from "other sources" that are not "acceptable medical sources by giving "reasons
2 germane to each witness for doing so." <u>Turner v. Comm'r of Soc. Sec.</u>, 613 F.3d 1217, 1224
3 (9th Cir. 2010) (citation and internal quotes omitted).  The ALJ cited several germane
4 reasons, which are substantiated by the record, for giving Ms. Toth's opinions minimal
5 weight. First, the ALJ noted Ms. Toth's opinion as to the plaintiff's ability to work consisted
6 primarily of a vague insurance questionnaire in which she failed to indicate the medical
7 impairments, anticipated treatments, and functional limitations which would result in the
8 inability to sustain work. <u>Tr</u>. 31.  The ALJ may "permissibly reject . . . check-off reports that
9 [do] not contain any explanation of the bases of their conclusions." <u>Crane v. Shalala</u>, 76 F.3d
10 251, 253 (9th Cir. 1996).  The ALJ also noted that Ms. Toth's assessment conflicts with
11 plaintiff's own work history, which indicates she sustained substantial work into 2008. <u>Id</u>.
12 Finally, the ALJ explained that Ms. Toth's February 5, 2008 opinion is inconsistent with
13 contemporaneous medical evidence that plaintiff's diabetes was controlled by diet and oral
14 medication. <u>Id</u>. Accordingly, the ALJ's assessment of Ms. Toth's opinion is free of legal
15 error.

16 Physical therapists such as Mr. Davis also fall under the heading of "other sources"
17 for purposes of the regulations. <u>See</u> 20 C.F.R. §§ 404.1513(a), (d).  Accordingly, Mr. Davis's
18 opinion is not entitled to the same deference as that of a treating physician.    <u>Turner</u>, 613
19 F.3d at 1224.  The ALJ properly provided germane reasons for giving Mr. Davis's opinions
20 minimal weight, including that Mr. Davis does not identify medical credentials that qualify
21 him to render a functional capacity evaluation, and that his assessment appears to be based
22 on the claimant's subjective complaints. Therefore, the ALJ did not err in discounting Mr.
23 Davis's opinion.

25 Based on the foregoing, we conclude that the ALJ properly weighed the opinions of
26 plaintiff's treating and examining physicians, and properly discounted the opinions of Ms.
27 Toth and Mr. Davis.

**IV**

- 9 -

Finally, plaintiff argues that the ALJ erred in assessing plaintiff's RFC by failing to discuss the effects of migraine headaches, fibromyagia pain, and depression on plaintiff's ability to do work-related activities. We disagree.

The ALJ is not required, as plaintiff contends, to engage in a function-by-function analysis. SSR 96–8p requires only that the ALJ discuss how evidence supports the RFC assessment and explain how the ALJ resolved material inconsistencies or ambiguities in evidence. Mason v. Commissioner of Social Security, 379 Fed.Appx. 638, 639, 2010 WL 1986190, *1 (9th Cir. May 18, 2010). Here, the ALJ extensively discussed the plaintiff's reported symptoms, impairments and limitations, and considered the opinion evidence of her treating physicians to reach his conclusions regarding plaintiff's RFC. The ALJ did not determine plaintiff's ability to perform work on the sole basis of a categorical RFC assessment. Instead, the ALJ offered substantial evidence to support the conclusion that claimant has the RFC to perform light work with some restrictions.

**V**

Based on the foregoing, we hold that substantial evidence in the record supports the ALJ's conclusion that plaintiff is not disabled. Therefore, **IT IS ORDERED AFFIRMING** the decision of the Commissioner denying disability benefits. The clerk shall enter final judgment.

DATED this 21st day of March, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge