**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Lynn Sheridan, | No. CV-12-277-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, | |
| Defendant. | |

The court has before it plaintiff's Motion for an award of fees under 28 U.S.C. §2412(d)(1)(A) (doc. 32), the defendant's Response (doc. 34), and plaintiff's Reply (doc. 38).

A prevailing party will be awarded fees under 28 U.S.C. §2412(d)(1)(A) "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

Here, we affirmed the decision of the Commissioner denying disability benefits in a comprehensive ten page order. Order of Mar. 22, 2013 (doc. 21). We concluded that substantial evidence in the record supported the ALJ's conclusion that plaintiff was not disabled. *Id.* at 10.

Two members of an appellate panel disagreed and remanded to allow the ALJ to provide a sufficient explanation for the denial of benefits. Mem. Dispo. of Nov. 17, 2015 at

1  5 (doc. 28). Circuit Judge Bea disagreed with the panel majority and filed a dissent,
2  concluding that the ALJ offered clear and convincing evidence for discounting the credibility
3  of plaintiff's self-reports, and that a potential alternative interpretation did not justify
4  upsetting the ALJ's findings. Mem. Dispo. of Nov. 17, 2015 at 5 (Bea, J., dissenting) (doc.
5  28).

6        There is obviously a good faith disagreement here on the merits. Two Article III
7  judges believe there was error. Two Article III judges believe there was no error. We need
8  not belabor the details of their disagreement. We do not decide here who is "right" and who
9  is "wrong." The majority of the panel has spoken on the merits. But we do have to decide
10 whether the government's position was substantially justified. I believe any fair reading of
11 this court's Order of Mar. 22, 2013 (doc. 21) and Circuit Judge Bea's dissent precludes a
12 finding that the government's position was not substantially justified. The government has
13 met its burden of showing that its position was indeed substantially justified. To hold
14 otherwise on this record would turn 28 U.S.C. §2412(d)(1)(A) into an automatic fee shifting
15 statute, which it plainly is not.

16       Accordingly, it is ORDERED DENYING plaintiff's Application for Attorney's fees.
17 (Doc. 32).

18       DATED this 12th day of April, 2016.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge